UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

In re:

Ivy Gold,　　　　　　　　　　　　　　　　　　　Case No. 11-54297-wsd
　　　　　　　　　　　　　　　　　　　　　　　　Chapter 13
　　　　　　　　Debtor.　　　　　　　　　　　　Hon. Walter Shapero
_____/

Ivy Gold,　　　　　　　　　　　　　　　　　　　Adv. Proc. No. 11-05968

　　　　　　　　Plaintiff,

Vs.

Bank of America, N.A.,

　　　　　　　　Defendant,
_____/

## **OPINION**

This is the Court's opinion following the trial on June 20, 2012, of this lien strip adversary proceeding involving Debtor's residence at 27238 Shagbark, Southfield, Michigan ("Property"). Defendant is the holder of a second mortgage on the Property. The parties agree that the first mortgage balance for purposes of this proceeding is $41,130.53. Plaintiff/Debtor is entitled to prevail if the Court concludes that the value of the Property was anything less than that figure. The Court has so concluded for the reasons that follow.

Debtor valued the Property in her originally filed schedules at $40,000. The most salient trial evidence can be summarized as (1) Plaintiff's licensed appraisal expert concluded the value of the Property was $23,000, as per his written appraisal (Exhibit 1) and testimony; (2) Plaintiff's licensed appraisal expert in his written appraisal set the value of $42,000 (Exhibit A); however, he also allowed during his testimony that on hindsight it might have been appropriate to make a

downward adjustment to that figure (for various reasons) which would then make his valuation conclusion $40,000; and (3) Debtor testified as to an informal survey she made of the neighborhood and what she learned about the sales prices of homes in the area, most of which, with the exception of one, were at prices less than the indicated first mortgage balance.

While Defendant's appraiser appears to have had somewhat more experience in the appraisal field, the Court's conclusion does not rest on any perceived difference in their basic credibilies. The Defendant's appraiser's comparables (at higher sales prices) were somewhat geographically closer to the Property than those of Plaintiff's appraiser. Thus Defendant argues such should carry more weight. In the Court's view, the relatively contiguous geographical areas encompassed by each expert's comparables, and generally, were such that distance from the Property in this case should not make a significant difference. Some of the differences between the comparables used by both appraisers were the result of what they termed "bank sales" as opposed to "arm's-length" sales; the arument being that a "bank sale" (being one by a bank which had obtained ownership by foreclosure) might have fetched a lower sales price than a sale, for instance, by a current owner/occupier of the property. As this Court has opined in prior opinions, the market is the market and we are talking here about fair "market" value. Whether "bank sales" for instance predominate the sales activity in the appropriate area, or not, within the accepted definition of fair market value such sales are properly part of the valuation mix and appropriately considered by appraisers. In this case comparables used by each appraiser included, but were not limited to, "bank sales." The appraisers differed in their opinions of whether in 2011 market values in the relevant areas were increasing or decreasing. Indeed at some point both could have been true at various times of the year, keeping in mind the general volatility of the real estate market and valuation date which for this proceeding is July 2011.

Of the three comparables used by Defendant's appraiser, their adjusted sales prices were $42,000, $39,000 and $47,783, the latter being the most remote in time; that sale having occurred in January 2011. Remoteness in time does not necessarily require or permit totally ignoring a particular sale but might affect its weight in light of other factors and evidence. Some evidence indicated there were many sales over the period between January 2011 and July 2011, in the appropriate area, and, that on average those were at figures less than the first mortgage balance, area, rooms, many by a substantial amount. There are always differences in the physical structure, conditions etc., between homes requiring appropriate adjustments to be made in some instances. But we are here talking about an area dominated by bungalow or ranch type homes most generally over 50 years old in the same school district. Where there is the kind of substantial value opinion differences we have in this case, (but in the context of comparables allowing for appropriate adjustments in only a 5% to 10% range) the Court believes the inescapable conclusion is that the appropriate valuation for purposes of this case has to be some figure less the first mortgage balance, be it $1.00 or $10.00 or some other figure. And as noted, that is reinforced by Defendant's appraiser's own ultimate conclusion of a $40,000 value. Put differently, for Plaintiff not to prevail in this proceeding, the Court would have to conclude that (a) in light of all of the evidence the value must have been what the Defendant's appraiser's stated it to be in his written appraisal, and could in any event not be any less than 2% less than that; and/or (b) the Defendant's appraisers candid opinion that in fact the value was $40,000, should be totally ignored. For either one separately, or both reasons, the Court cannot so conclude. Valuation of real estate, particularly under current market conditions, is hardly an exact science and it would be the rare case indeed (such as applying different valuation theories or concepts one of which may be incorrect) where one can conclude, as would be necessary in

this case, that one appraiser is 98% or virtually all right, and by reason thereof the other totally wrong. This is not that rare case. Keeping in mind that the Court is not required to find the value of the property, but only to determine, whether that value is more or less than the first mortgage balance, the Court concludes Plaintiff has borne her burden of proof on the issue and the evidence preponderates in favor of a conclusion that the value of the Property for purposes of this proceeding must be found to be less than that first mortgage balance.

    Plaintiff shall present an appropriate order.

.

**Signed on June 22, 2012**

                                          **/s/ Walter Shapero**
                                      **Walter Shapero**
                                      **United States Bankruptcy Judge**